Joseph A. Sarafite, J.
Defendant has been indicted for asking and receiving bribes as an executive officer, and other crimes, including conspiracy. The conspiracy count alleges 20 overt acts, some of which involve telephone conservations between the defendant and his codefendant, Lawrence J. De Masi, Jr. From this fact, and from information given to him by De Masi, the defendant infers that his telephone conversations were intercepted and recorded pursuant to a court order. He now moves for a hearing to determine (1) whether such telephonic communications were, in fact, intercepted; (2) whether the interception was by court order; and (3) whether the order was properly issued in accordance with section 813-a of the Code of Criminal Procedure, and he further moves to suppress any evidence obtained as a result of such interception.
There is no authority for the granting of the relief sought. A motion to suppress is provided for under section 813-c of the Code of Criminal Procedure. That section, however, enacted after Mapp v. Ohio (367 U. S. 643 [1961]), refers only to pretrial motions to suppress evidence allegedly obtained as the result of an illegal search and seizure. Evidence obtained by the use of wire taps is not obtained by a search or seizure (Olmstead v. United States, 277 U. S. 438 [1928].)
Moreover, evidence obtained by interception of telephonic communications pursuant to court order is admissible in New York. (People v. Dinan, 11 N Y 2d 350.) Objections to the admissibility of such evidence based either on the absence of a court order, or on any technical defect in a court order, or upon any other ground, present issues which must await the trial for their determination. Motion denied.